Filed 9/7/23  P. v. Corrales CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079612 |
| v. | (Super.Ct.No. RIF107511) |
| JOSE LEDEZMA CORRALES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  William S. Lebov, Judge. (Retired judge of the Yolo Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, and A. Natasha Cortina, Lynne

G. McGinnis, and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Jose Ledezma Corrales is serving a sentence of seven years to life, along with a 20-year enhancement, after a jury convicted him of premeditated attempted murder (Pen. Code[1], §§ 187, 664, 12022.53, subd. (c)). In this appeal, defendant challenges the trial court's denial of his section 1172.6 petition[2] to vacate his conviction. As explained *post*, we affirm the trial court's denial of the petition because defendant failed to demonstrate he was convicted under the natural and probable consequences doctrine and was thus ineligible for relief.

## FACTUAL AND PROCEDURAL HISTORY

In 2006, defendant appealed his conviction in the underlying criminal matter, which this Court affirmed. (*People v. Ramirez* (Aug. 10, 2006, E037613) [nonpub. opn.].) The opinion in *Ramirez* established the following relevant facts.

In 2002, defendant was a member of the "Cuatro Flats" street gang. While defendant and other Cuatro Flats members were congregated on a street in the Mira Loma area, a rival gang member drove by the group playing loud music and laughing in their direction. The group took offense to this and, in a car driven by defendant, pursued the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] As relevant, effective January 2019, section 1172.6 (formerly § 1170.95), permitted persons previously "convicted of . . . attempted murder under the natural and probable consequences doctrine" to petition the sentencing court to vacate their attempted murder conviction, where certain conditions have been met. (Former § 1170.95.) (Stats. 2022, ch. 551, § 2.)

2

rival gang member. The resulting chase culminated with one Cuatro Flats member shooting into the rival gang member's car, narrowly missing the car's occupants. (*Ramirez*, *supra*, E037613 at *3-6.)

At trial, the jury was instructed that defendant, was "accused [] of having committed the crime of attempted murder"; and that to find him guilty, it needed to determine "[a] direct but ineffectual act was done by one person towards killing another human being; and [¶] [] [t]he person committing the act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being." The jury was further instructed that, for the attempted murder to be "willful, deliberate, and premeditated," it must have been "preceded and accompanied by a clear, deliberate intent to kill, which was the result of deliberation and premeditation, so that it must have been formed upon pre-existing reflection." Instructions concerning the "natural and probable consequences" doctrine were withdrawn and not given to the jury.

In 2022, defendant filed the instant section 1172.6 petition, asserting that his conviction was eligible for relief. For support, he alleged (1) the criminal complaint brought against him "allowed the prosecution to proceed under a theory of . . . attempted murder under the natural and probable consequences doctrine"; (2) he was "convicted of murder, attempted murder, or manslaughter following a trial or [he] accepted a plea offer in lieu of a trial"; and (3) he could not presently be convicted of such crime due to "changes made to [sections] 188 and 189."

Thereafter, the trial court held a hearing to determine whether defendant stated a prima facie case for relief. At the hearing, defendant, through counsel, asserted that the petition demonstrated he was convicted of attempted murder under the requisite natural and probable consequences doctrine, because the facts in the underlying criminal proceedings indicated he was merely "the driver" during the 2002 car chase, not the actual "shooter." The People argued that the conviction could not be vacated because the "jury was not instructed on the natural and probable consequences doctrine," and because "[a]iding and abetting d[id] not necessarily require [defendant] to be a shooter." The trial court subsequently entered an order denying defendant's petition, and defendant timely appealed.

## DISCUSSION

Defendant contends that the trial court erred by denying his petition because he made a prima facie showing under section 1172.6. Specifically, he asserts the instructions the jury was given concerning the definition of attempted murder "permit [an] inference" he was convicted under an "invalid theory of liability"; and that the absence of instructions concerning the natural and probable consequences doctrine was not dispositive. In response, the People assert that the trial court properly denied defendant's petition, because the absence of jury instructions concerning the natural and probable consequences doctrine conclusively foreclosed any possibility the conviction was eligible for section 1172.6 relief.

4

We review de novo the trial court's denial of a section 1172.6 petition at the prima facie stage.  (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251 (*Williams*).)  To make a prima facie showing, the petitioner must offer facts that, if assumed true, demonstrate an entitlement to relief.  (*People v. Maldonado* (2023) 87 Cal.App.5th 1257, 1261 [explaining prima facie standard in relation to § 1172.6 petition].)  While a petitioner is not required to definitively prove his case at the prima facie stage, vaguely phrased legal conclusions do not suffice.  (*People v. Patton* (2023) 89 Cal.App.5th 649, 657-658 (*Patton*) [affirming denial of § 1172.6 petition where, inter alia, petitioner failed to offer explicit evidence he was convicted under requisite theory of culpability].)

To be entitled to relief under section 1172.6, a petitioner must demonstrate that their conviction was based upon an enumerated theory of culpability.  (*People v. Coley* (2022) 77 Cal.App.5th 539, 548 (*Coley*).)  Indeed, by its terms, section 1172.6 permits a trial court to vacate murder convictions that were based "under the natural and probable consequences doctrine or other theory under which malice is imputed to a person."[3] (§ 1172.6, subd. (a).)  In contrast, relief for attempted murder is only permitted where the conviction is based "under the natural and probable consequences doctrine."  (*Ibid.*; accord *Coley*, at p. 548.)  Thus, petitioners seeking to vacate their attempted murder convictions must allege facts that, if accepted as true, demonstrate they were convicted under the natural and probable consequences doctrine.  (§ 1172.6, subd. (a); *People v.*

_____

[3] The natural and probable consequences doctrine is a theory of culpability that applies when a defendant's confederate commits an offense other than the target crime. (*People v. Mejia* (2012) 211 Cal.App.4th 586, 628.)

*Flores* (2020) 44 Cal.App.5th 985, 993.) In determining whether a petitioner has demonstrated a prima facie case, a court need not adopt the petitioner's allegations as true where " 'readily ascertainable facts,' " including, as relevant, those found in jury instructions, evince ineligibility. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055.)

Here, the trial court properly denied the petition because the record conclusively demonstrated defendant was not convicted under the requisite theory of culpability. (*Patton*, *supra*, 89 Cal.App.5th at pp. 657-658; *Coley*, *supra*, 77 Cal.App.5th at p. 548 [court not required to grant resentencing as to attempted murder conviction where record did not demonstrate petitioner was convicted under invalid theory of culpability].) Specifically, it was undisputed that the jury convicted defendant of premeditated attempted murder after being instructed such crime required a "clear, deliberate intent to kill," and that the natural and probable consequences instruction was not given. These facts vitiate any possibility defendant was convicted under the natural and probable consequences doctrine and are thus fatal to his petition. (*Williams*, *supra*, 86 Cal.App.5th at pp. 1255-1256 [explaining that, when read as a whole, record of jury instructions conclusively demonstrated petitioner was not convicted under, inter alia, natural and probable consequences doctrine]; accord *Coley*, at p. 548.)

Additionally, upon close examination of the record, defendant provided no concrete allegations, which might otherwise indicate the jury was aware of and convicted him under the natural and probable consequences doctrine. Indeed, the petition's only reference to his conviction was that he was "convicted of murder, attempted murder, or

6

manslaughter"; and his arguments in the trial court were limited to his belief that he was convicted without having any intent to commit the attempted murder, because he was only "the driver" in the underlying car chase. Assuming all these facts as true however, they do not satisfy defendant's prima facie burden, as they constitute uncertain and legally conclusory allegations, which do not clearly and unequivocally speak to the specific theory of culpability under which defendant was convicted. (*Williams*, *supra*, 86 Cal.App.5th at pp. 1255-1256 [rejecting arguments petitioner was convicted under enumerated theory of culpability where jury instructions foreclosed such possibility]; cf. *People v. Mejia*, *supra*, 211 Cal.App.4th at p. 628.)

Finally, defendant's remaining arguments on appeal—i.e., that the trial court was foreclosed from dismissing his petition because he alleged a possibility "the jury instructions could give rise to a conviction on an imputed malice theory" and that the trial court engaged in improper factfinding—are unavailing. Initially, as we have previously indicated, unlike murder convictions, relief for *attempted murder* convictions under section 1172.6 is expressly limited to those made under the natural and probable consequences doctrine, not broadly for any unspecified imputed malice theory. (*Coley*, *supra*, 77 Cal.App.5th at p. 548.) Further, we disagree that the trial court engaged in impermissible factfinding or was otherwise precluded from dismissing the petition under the facts here. (*Patton*, *supra*, 89 Cal.App.5th at pp. 657-658 [court did not engage in improper factfinding where underlying facts were uncontroverted].) As discussed above, the record definitively precluded defendant from relief, and, in light thereof, the trial

7

court was not required to adopt his version of factually unsupported possibilities. (*People v. Soto*, *supra*, 51 Cal.App.5th at p. 1055.)

## DISPOSITION

Accordingly, we affirm.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

J.

We concur:

McKINSTER

Acting P. J.

CODRINGTON

J.